T.C. Memo. 2002-76


UNITED STATES TAX COURT


JOHN G. PARKER AND JANICE E. PARKER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9781-98.               Filed March 27, 2002.


<u>Jerome L. Blut</u> and <u>Elliot S. Blut</u>, for petitioners.

<u>Rollin G. Thorley</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies and accuracy-related penalties against petitioners for 1994, 1995, and 1996 as follows:

|       |            | Accuracy-Related Penalty |
| Year  | Deficiency | Sec. 6662(a)             |
|-------|------------|--------------------------|
| 1994  | $21,603    | $4,321                   |
| 1995  | 20,881     | 4,176                    |
| 1996  | 18,608     | 3,722                    |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

References to petitioner in the singular are to John G. Parker.

The primary issue for decision is whether significant expenses that petitioner incurred in purchasing, building, improving, and flying airplanes were incurred by petitioner in an activity engaged in for profit.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in Reno, Nevada.

Since the age of 16, petitioner has been a licensed airplane pilot. While in the U.S. Air Force, petitioner earned a degree in aeronautical engineering from the Air Force Institute of Technology. Upon leaving the Air Force in 1965, petitioner became a full-time pilot for American Airlines (American) where

he worked for the next 33 years.  Petitioner also became a licensed airplane mechanic.

Beginning in 1967, petitioner also became engaged in an activity that, over the course of the next 34 years, involved the building, improving, and flying of four small airplanes that petitioner owned (airplane activity), three of which petitioner built from kits.  When not flying for American, petitioner personally would spend many hours each week working on his airplanes, seeking to improve their mechanical operation and flight speed.

Over the years, including 1994, 1995, and 1996, petitioner entered his airplanes in a number of air shows and air races. Flight logs relating to petitioner's airplanes for 1994, 1995, and 1996 reflect that petitioner won either first or second place in five air races.  In 1977, petitioner won a national championship race for the class relating to one of his airplanes. Only petitioner flew his airplanes in the above air shows and air races.

In 1994, petitioner installed in one of his airplanes a direct ignition system that he had developed.  Petitioner hoped that his direct ignition system could replace standard magnetos typically used in airplanes.  Petitioner thought that such a direct ignition system might improve the speed of airplanes.

During 1995 and 1996, petitioner sold six or seven of his direct ignition systems for use in experimental aircraft for approximately $1,900 to $3,000 each.

In December of 1996, petitioner obtained from the City of Reno, Nevada, a general business license relating to his airplane activity.

Also in 1996, petitioner leased property in Reno, Nevada, on which petitioner constructed a 7,000-square foot hangar to be used as a place to build and work on his airplanes.

In 1998, petitioner retired from American.

On a Schedule C, Profit or Loss From Business, filed with petitioners' joint Federal income tax returns for 1989 through 1999 that were prepared by an accountant, petitioners reported gross income, ordinary business expenses, and net losses relating to petitioner's airplane activity, and unrelated wage and taxable pension and annuity income as follows:

| | Airplane Activity | | | Unrelated Wages, Pensions, |
| Year | Gross Income | Expenses | Net (Loss) | & Annuities |
|------|-------------|----------|------------|-------------|
| 1989 | $ 3,048 | $ 83,216 | ($ 80,168) | $ 169,433 |
| 1990 | 7,119 | 45,000 | (37,881) | 166,643 |
| 1991 | 4,944 | 49,930 | (44,986) | 186,683 |
| 1992 | 1,596 | 78,367 | (76,771) | 180,683 |
| 1993 | 9,942 | 112,549 | (102,607) | 188,829 |
| 1994 | 2,002 | 80,899 | (78,897) | 182,590 |
| 1995 | 3,810 | 76,826 | (73,016) | 183,415 |
| 1996 | 10,390 | 76,277 | (65,887) | 185,770 |
| 1997 | 22,545 | 82,673 | (60,128) | 206,506 |
| 1998 | 23,773 | 103,889 | (80,116) | 110,844 |
| 1999 | 5,402 | 88,713 | (83,311) | 202,559 |
| TOTAL | $94,571 | $878,339 | ($783,768) | $1,963,955 |

As a result of an audit examination, on May 6, 1998, respondent issued a notice of deficiency to petitioners in which respondent determined that, for 1994, 1995, and 1996, petitioner's airplane activity was not engaged in for profit under section 183, and respondent disallowed the claimed losses for each of those years. Also, respondent determined accuracy-related penalties under section 6662.

Respondent has conceded that the claimed expenses relating to petitioner's airplane activity have been substantiated for the years at issue and that during the years 1986 through 2001 petitioner spent approximately $1 million of his own funds on his airplane activity.

During a prior audit of petitioners' 1989, 1990, and 1991 Federal income tax returns, respondent did not raise an issue as to petitioner's profit objective relating to petitioner's airplane activity.

OPINION

Activity not Engaged in for Profit

Generally, under section 183, if an activity is not engaged in for profit, deductions for expenses relating to such activity are allowable only to the extent of gross income derived from the activity.

An activity is not regarded as engaged in for profit unless it is conducted by the taxpayer with an actual and honest expectation of making a profit. <u>Dreicer v. Commissioner</u>, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); <u>Golanty v. Commissioner</u>, 72 T.C. 411, 425-426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). An expectation of profit need not be reasonable. <u>Id.</u> Petitioners have the burden of proof on this issue.[1] Rule 142(a); <u>Golanty v. Commissioner</u>, <u>supra</u> at 426.

In considering whether a taxpayer engaged in an activity for profit, greater weight is given to objective factors, taking into account all of the facts and circumstances, than to a taxpayer's mere statement of intent. <u>Beck v. Commissioner</u>, 85 T.C. 557, 570 (1985); sec. 1.183-2(a), Income Tax Regs.

In section 1.183-2(b), Income Tax Regs., a nonexclusive list of factors is provided for use in analyzing whether an activity is engaged in for profit. Such factors include: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended

---

[1] Because the examination in this case commenced before July 23, 1998, sec. 7491, which places the burden of proof with respect to any fact issue on respondent where the taxpayer maintains adequate records, satisfied applicable substantiation requirements, cooperated with respondent, and produced credible evidence with regard to the fact issue, does not apply. See Internal Revenue Service Restructuring and Reform Act of 1998, P.L. 105-206, sec. 3001, 112 Stat. 685, 726.

by the taxpayer in carrying on the activity; (4) the expectation by the taxpayer that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits earned by the taxpayer, if any; (8) the financial status of the taxpayer; and (9) elements of recreation or personal pleasure in the taxpayer's carrying on the activity.

Although no single factor is conclusive, a record of substantial losses over many years and the unlikelihood of achieving a profit are important factors bearing on whether the taxpayer had a profit objective in carrying on the activity. Golanty v. Commissioner, supra at 426; sec. 1.183-2(b)(6), Income Tax Regs. Generally, the profit-objective test looks for a profit on the entire activity, including profits to recoup losses from prior years. Golanty v. Commissioner, supra at 427 (citing Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967)).

Substantial income from sources other than the activity, particularly where the activity generates large losses that result in substantial tax benefits, may indicate that the activity is not engaged in for profit, especially if the activity

has personal or recreational elements.  Sec. 1.183-2(b)(8), Income Tax Regs.

Petitioner contends that he engaged in the airplane activity for profit.  We disagree.

The evidence does not establish that petitioner carried on his airplane activity in a businesslike manner.

Petitioner has consistently reported substantial net losses from his airplane activity and used the losses to offset significant wages that petitioner earned from American and taxable pensions and annuity income.  The uninterrupted, substantial losses realized in petitioner's airplane activity over many years are highly indicative of a lack of profit objective.  See Golanty v. Commissioner, supra at 426.

Petitioner testified that a business plan for his airplane activity was developed in 1996 (namely, to build from kits and to sell airplanes for a substantial profit).  Petitioner, however, did not offer into evidence written documentation of this business plan.  Petitioner acknowledged that prior to 1996 his airplane activity was "a pencil and paper operation".

Other than income tax returns, flight logs, and a business license (issued to petitioner during the last month of the last year at issue herein), petitioner did not offer into evidence any written documentation of his business plans or projections, payroll or other employee records, sales contracts, or any other

business records regarding petitioner's airplane activity from 1967 to the time of trial in 2001.

Petitioner's testimony that during the late 1970s and early 1980s his airplane activity realized some profits was not corroborated.

Petitioner testified that at the time of trial he employed three people in his airplane activity and that he had contracts to build from kits two Glasair airplanes and one Thunder Mustang airplane for an expected profit of approximately $462,000. Petitioner, however, did not offer into evidence written documentation of the above contracts or any employee records to corroborate petitioner's testimony.

Petitioner is a highly educated, trained, and experienced pilot who loves airplanes and who has devoted much of his time and money to his airplane activity.

We conclude, for the years in issue, that petitioner's airplane activity constitutes a hobby and is not to be regarded as an activity engaged in for profit under section 183. Accordingly, we sustain respondent's disallowance of the losses relating to petitioner's airplane activity.

## Accuracy-Related Penalties

Under section 6662, a 20-percent accuracy-related penalty is imposed on the portion of any underpayment of tax attributable to, among other things, negligence or disregard of Federal tax

rules and regulations, or a substantial understatement of tax. An understatement of tax is substantial if it exceeds either 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6662(d)(1)(A).

The above accuracy-related penalty, however, is not imposed with respect to any portion of a taxpayer's understatement of tax for which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1).

In our discretion, and based on the facts before us, we conclude that petitioners had reasonable cause in treating petitioner's airplane activity as a for profit activity. Petitioners are not liable for the accuracy-related penalties determined by respondent under section 6662 with respect to the deficiencies at issue herein.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.